

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00336-CR

———————————————

DAVID ANDREW BENSON, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13843

Before Pittman, Kerr, and Birdwell, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

A jury convicted Appellant David Andrew Benson of continuous sexual abuse of a child under fourteen years of age and assessed his punishment at life imprisonment. *See* Tex. Penal Code Ann. § 21.02. The trial court sentenced him accordingly. Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*). In his pro se response to the *Anders* brief, Appellant challenges the sufficiency of the evidence supporting his conviction; the State did not file a brief in response to the *Anders* brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court must independently examine the record to see if any arguable ground may be raised on his behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We also consider the briefs and any pro se response. *See Schulman*, 252 S.W.3d at 408–09. Only after we conduct our own examination to determine whether counsel has correctly assessed the case may we grant his motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief, the record, and Appellant's response to the *Anders* brief. In our independent review of the record, we discovered that the bill of costs includes a capias warrant fee of $50. The statute governing fees for services of peace officers provides that a defendant convicted of a felony shall pay $50 for the executing or processing of an issued arrest warrant or capias. *See* Tex. Code Crim. Proc. Ann. art. 102.011(a)(2). The probable-cause affidavit of the officer who interviewed Appellant appears in the record, but the record does not indicate that an arrest warrant was issued or processed, nor does it contain a capias. Our clerk's office confirmed with the trial court clerk that Appellant's arrest—on the same day but after his interview with the officer ended—was warrantless. *See* Tex. Code Crim. Proc. Ann. art. 14.03(a)(6). We therefore modify the trial court's judgment, the incorporated order to withdraw funds, and the bill of costs to delete $50 from the total costs assessed, leaving total costs of $439. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (holding that an appellate court has authority to modify a judgment in an *Anders* appeal); *see also Reed v. State*, No. 02-17-00199-CR, 2018 WL 6844132, at *1–2 (Tex. App.—Fort Worth Dec. 31, 2018, no pet. h.) (mem. op., not designated for publication); *Barefield v. State*, No. 02-14-00336-CR, 2016 WL 551890, at *1 (Tex. App.—Fort Worth Feb. 11, 2016, pet. ref'd) (mem. op., not designated for publication) (deleting from judgment a $50 arrest fee that was not supported by record).

Except for this improperly imposed fee, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

Accordingly, we grant counsel's motion to withdraw and affirm as modified the trial court's judgment and the order to withdraw funds incorporated therein.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 28, 2019